## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PASCO COUNTY, FLORIDA

Frances Betit,

    **Plaintiff**

vs.

    512012CA6682 WS/NSA

    Case No.

New Port Richey Hospital, Inc.
d/b/a Medical Center of Trinity
and Community Hospital,

    **Defendant.**

_____/

FILED FOR RECORD
PASCO COUNTY, FLORIDA
10-5-12
Paula S. O'Neil
Clerk & Comptroller
Pasco County, FL

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Frances Betit ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant New Port Richey Hospital, Inc. d/b/a Medical Center of Trinity and Community Hospital ("Defendant") and alleges as follows:

### INTRODUCTION

1. This is an action brought pursuant to the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this claim pursuant to 29 U.S.C. §2617 because Plaintiff was discharged from employment in violation of the FMLA, seeks damages of more than $15,000, and all administrative prerequisites have been exhausted or excused.

3. Venue is proper in the Court because all facts material to all claims set forth herein occurred in Pasco County, Florida.

## PARTIES

4. At all times material to this action, New Port Richey Hospital, Inc. d/b/a Medical Center of Trinity and Community Hospital was a Florida corporation conducting business in Pinellas County, Florida.

5. At all times material to this action, Plaintiff was an employee of Defendant pursuant to the terms of all applicable statutes and Defendant was the employer of Plaintiff pursuant to the terms of all applicable statutes.

## GENERAL ALLEGATIONS

6. Defendant is a hospital.

7. Plaintiff began working for Defendant in 1996.

8. Plaintiff held the position of Ward Secretary.

9. Plaintiff requested FMLA leave on December 12, 2011.

10. Plaintiff was unlawfully denied FMLA leave.

11. On January 19, 2012, Plaintiff was informed that the medical certification she submitted was insufficient to establish a need for FMLA leave.

12. On January 25, 2012, Plaintiff resubmitted the requested modified medical certification.

13. Plaintiff's employment was terminated on or about January 31, 2012 because Plaintiff requested leave pursuant to the FMLA and because Plaintiff took leave that was protected by the FMLA.

14. All administrative notice requirements and prerequisites have been satisfied.

15. Plaintiff has retained the services of the undersigned attorneys and is obligated to pay the undersigned a reasonable fee for their services.

16. Plaintiff demands a trial by jury on all claims alleged herein.

## COUNT I
## INTERFERENCE WITH FMLA PROTECTED LEAVE

17. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully stated herein.

18. As set forth above, Defendant interfered with, restrained, or denied Plaintiff leave that is protected by the FMLA.

WHEREFORE, Plaintiff prays that this Court award the following relief:

    a) A judgment that Defendant termination of Plaintiff violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

    b) Reinstatement of Plaintiff to the same or equivalent position held before termination with all benefits and raises reinstated or an award of front pay;

    c) Compensation for lost wages, benefits, and other remuneration;

    d) Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

    e) Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

    f) Any other additional relief as the Court deems just and proper.

## COUNT II
## FMLA RETALIATION

19. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 16 as if fully stated herein.

20. As set forth above, Defendant retaliated against Plaintiff because of Plaintiff's use of FMLA protected leave by terminating Plaintiff while on FMLA leave.

WHEREFORE, Plaintiff prays that this Court award the following relief:

a) A judgment that Defendant termination of Plaintiff violated 29 U.S.C. §2615 of the Family and Medical Leave Act;

b) Reinstatement of Plaintiff to the same or equivalent position held before termination with all benefits and raises reinstated or an award of front pay;

c) Compensation for lost wages, benefits, and other remuneration;

d) Liquidated damages in an additional amount equal to the sum of the actual damages plus interest;

e) Reasonable attorney's fees and costs incurred by Plaintiff in connection with the instant action;

f) Any other additional relief as the Court deems just and proper.

## REQUEST FOR JURY TRIAL

Plaintiff requests trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Ryan D. Barack
Florida Bar No. 0148430
Primary Email: rbarack@ksblaw.com
Secondary Email: jackie@ksblaw.com
Michelle Erin Nadeau
Florida Bar No. 0060396
Primary Email: mnadeau@ksblaw.com
Secondary Email: jackie@ksblaw.com
Kwall, Showers & Barack, P.A.
133 North Fort Harrison Avenue
Clearwater, Florida 33755
(727) 441-4947
(727) 447-3158 Fax
Attorneys for Plaintiffs