IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANCES BETIT, :
:
      Plaintiff, :
:
v. : Case No. 8:12-cv-02608-EAK-EAJ
:
NEW PORT RICHEY HOSPITAL, INC. :
d/b/a MEDICAL CENTER OF TRINITY :
AND COMMUNITY HOSPITAL, :
:
:
      Defendant. :
_____:

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT NEW PORT RICHEY HOSPITAL, INC. TO PLAINTIFF'S COMPLAINT**

Defendant New Port Richey Hospital, Inc. d/b/a Medical Center of Trinity[1] ("the Hospital") hereby responds to Plaintiff Frances Betit's ("Plaintiff") Complaint and raises Affirmative Defenses as follows.

Responding to the specifically numbered paragraphs of Plaintiff's Complaint,[2] and using the same numbered paragraphs and headings that appear therein, the Hospital answers as follows:

### INTRODUCTION

1.      The Hospital acknowledges that Plaintiff attempts to allege claims pursuant to the Family Medical Leave Act, 29 U.S.C. §2601 et seq. ("FMLA"). The Hospital denies that it engaged in any unlawful employment practices and denies that Plaintiff is entitled to any relief

---

[1] New Port Richey Hospital, Inc. previously operated under the d/b/a Community Hospital, but now operates under the d/b/a name Medical Center of Trinity and has done so since February 2012.

[2] In regard to Plaintiff's unnumbered paragraph found under the title "Complaint and Demand for Jury Trial," the Hospital acknowledges that Plaintiff is suing the Hospital, but denies that any unlawful practices occurred and denies that Plaintiff is entitled to any relief.

whatsoever. The Hospital denies all other remaining allegations in Paragraph No. 1 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

2. In response to Paragraph No. 2 of the Complaint, the Hospital acknowledges that Plaintiff seeks the jurisdiction of the Court, but the Hospital denies that it committed any unlawful act or that Plaintiff is entitled to any of the relief sought in her Complaint and denies all remaining allegations in Paragraph No. 2 of the Complaint.

3. In response to Paragraph No. 3 of Plaintiff's Complaint, the Hospital acknowledges that Plaintiff is claiming venue as alleged therein, but denies that the Hospital or its agents committed any unlawful practice and denies that Plaintiff is entitled to any relief.

## PARTIES

4. In response to Paragraph No. 4 of Plaintiff's Complaint, the Hospital admits only that it is a Florida corporation conducting business in Pinellas County, Florida. The Hospital is without knowledge as to the meaning of "[a]t all times material," and therefore, denies this allegation and any remaining allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. In response to Paragraph No. 5 of Plaintiff's Complaint, the Hospital admits only that it employed Plaintiff for a period of time. The Hospital is without knowledge as to the meaning of "[a]t all times material," and therefore, denies this allegation and any remaining allegations in Paragraph No. 5 of Plaintiff's Complaint.

## GENERAL ALLEGATIONS

6. In response to Paragraph No. 6 of Plaintiff's Complaint, the Hospital states that it is a Florida corporation operating a Hospital. The Hospital denies all other remaining allegations in Paragraph No. 6 of Plaintiff's Complaint.

7. The Hospital admits the allegations in Paragraph No. 7 of Plaintiff's Complaint.

8. In response to Paragraph No. 8 of Plaintiff's Complaint, the Hospital states that Plaintiff most recently held the position of Unit Secretary a/k/a Ward Secretary.

9. The Hospital admits the allegations in Paragraph No. 9 of Plaintiff's Complaint.

10. The Hospital denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. In response to Paragraph No. 11 of Plaintiff's Complaint, the Hospital states that prior to her termination, Plaintiff was notified on several occasions about her failure to provide required medical certification, including on January 19, 2012.[3] The Hospital denies all other remaining allegations in Paragraph No. 11 of Plaintiff's Complaint.

12. In response to Paragraph No. 12 of Plaintiff's Complaint, the Hospital states that on or about January 26, 2012, Plaintiff submitted duplicate insufficient medical certification.[4] The Hospital denies all other remaining allegations in Paragraph No. 12 of Plaintiff's Complaint.

13. In response to Paragraph No. 13 of Plaintiff's Complaint, the Hospital states that it terminated Plaintiff on or about January 31, 2012. The Hospital denies all other remaining allegations in Paragraph No. 13 of Plaintiff's Complaint.

14. The Hospital has insufficient knowledge or information with which to either admit or deny the allegations in Paragraph No. 14 of Plaintiff's Complaint, and therefore, denies these allegations and any remaining allegations in Paragraph No. 14 of Plaintiff's Complaint.

---

[3] The Hospital utilizes a third-party administrator to handle leave of absences.
[4] *See* footnote 3, supra.

15. In response to Paragraph No. 15 of Plaintiff's Complaint, the Hospital acknowledges that Plaintiff has retained the services of Ryan D. Barack, but denies all remaining allegations in Paragraph No. 15 of Plaintiff's Complaint.

16. In response to Paragraph No. 16 of Plaintiff's Complaint, the Hospital acknowledges Plaintiff's demand for a jury trial, but denies that any unlawful conduct has occurred and denies that Plaintiff is entitled to any relief.

## COUNT I
## ALLEGED INTERFERENCE WITH FMLA PROTECTED LEAVE

17. In response to Paragraph No. 17 of Plaintiff's Complaint, the Hospital restates and incorporates its responses to Paragraphs 1 through 16 of Plaintiff's Complaint.

18. The Hospital denies the allegations in Paragraph No. 18 of Plaintiff's Complaint. In response to the "Wherefore" clause following Paragraph No. 18 of Plaintiff's Complaint, the Hospital denies all factual allegations included therein and denies that Plaintiff is entitled to the relief described therein or to any other relief.

## COUNT II
## ALLEGED FMLA RETALIATION

19. In response to Paragraph No. 19 of Plaintiff's Complaint, the Hospital restates and incorporates its responses to Paragraphs 1 through 16 of Plaintiff's Complaint.

20. The Hospital denies the allegations in Paragraph No. 20 of Plaintiff's Complaint. In response to the "Wherefore" clause following Paragraph No. 20 of Plaintiff's Complaint, the Hospital denies all factual allegations included therein and denies that Plaintiff is entitled to the relief described therein or to any other relief.

## REQUEST FOR JURY TRIAL

The Hospital acknowledges Plaintiff's request for a jury trial, but denies that any unlawful conduct has occurred and denies that Plaintiff is entitled to any relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

In asserting the defenses that follow, the Hospital does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, the Hospital is continuing to investigate Plaintiff's allegations, and therefore, reserves the right to amend its Answer and Defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

To the extent that Plaintiff failed to comply with Hospital's policies and directions with regard to obtaining or taking FMLA leave, including, but not limited to, failing to put the Hospital on notice that any condition might qualify as a "serious health condition" or providing notice or certification of the need for intermittent leave or continuing treatment, in accordance with Hospital's policies and the requirements of the FMLA, her claim is barred.

## THIRD DEFENSE

All claims in Plaintiff's Complaint which did not accrue within the time frame prescribed by the FMLA, or any other applicable limitations period, are barred.

## FOURTH DEFENSE

The Hospital states that there were legitimate, non-retaliatory reasons for its actions which were not pretextual and that it has not violated the FMLA, or any provision thereof, or any other constitutional or statutory provision under which the alleged causes of action are or could be brought and has neither taken nor ratified any action with retaliatory purpose or intent, but

5

rather, has acted in good faith, and Hospital has not authorized any action prohibited by law, has not committed any unlawful employment practice and Hospital's actions were based upon good cause, were the result of reasonable factors necessary for business functions and would have been taken regardless of any assertion by Plaintiff of any rights under the FMLA, if any.

### FIFTH DEFENSE

Plaintiff has the duty to mitigate any alleged losses, her entitlement to recovery for which is expressly denied, including but not limited to, conforming to Hospital's policies on leave on a timely basis; alternatively, any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or receivable with the exercise of reasonable diligence by Plaintiff.

### SIXTH DEFENSE

The Hospital had reasonable grounds for believing that any acts or omissions were not in violation of the FMLA and has relied in good faith conformance or reliance on written administrative regulations, orders, rulings or approvals or interpretations by the administrator of the Wage and Hour Division, Department of Labor or an administrative practice or enforcement policy of such agency.

### SEVENTH DEFENSE

With respect to Plaintiff, the Hospital has acted in good faith and with reasonable grounds to believe that any actions were not in violation of the FMLA, and therefore the Hospital should not be liable for liquidated damages.

WHEREFORE Defendant the New Port Richey Hospital, Inc. respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award the Hospital its costs and

attorneys' fees incurred in this action, and award the Hospital any such other relief that this Court deems just and proper.

          Respectfully submitted,

          FORD & HARRISON LLP

By:   s/ Tracey K. Jaensch
      Tracey K. Jaensch
      Florida Bar No. 907057
      tjaensch@fordharrison.com
      Luis A. Santos
      Florida Bar No. 0084647
      lsantos@fordharrison.com

      For the Firm

      101 E. Kennedy Boulevard
      Suite 900
      Tampa, Florida 33602
      Telephone (813) 261-7800
      Facsimile (813) 261-7899

      Attorneys for Defendant New Port Richey Hospital, Inc. d/b/a Medical Center of Trinity

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 26, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to:

      Ryan D. Barack
      Michelle Erin Nadeau
      Kwall, Showers & Barack, P.A.
      133 North Fort Harrison Avenue
      Clearwater, FL 33755

          s/ Tracey K. Jaensch
          Attorney